**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LELAND LOU, TIN S. LOU,
AND MAE LOU**                                                                                              **PLAINTIFFS**

**V.**                                                                                          **NO. 4:12CV00050-MPM-JMV**

**CITY OF GREENWOOD, ET AL.,**                                                                **DEFENDANTS**

**ORDER AWARDING SANCTIONS AND
EXTENDING TIME FOR COMPLIANCE**

     Before the court is Plaintiffs' counsel's response [37] to the court's April 29, 2013, Order [34] compelling discovery and requiring a show of cause. The court's April 29 Order granted Defendants' Second Motion to Compel [33] responses to interrogatories and requests for production which the court had previously compelled by Order [27] dated January 16, 2013.[1] The April 29 Order also required Plaintiffs' counsel to show cause why sanctions should not be assessed against him personally. Also, before the court is Defendants' combined reply to Plaintiffs' counsel's show cause response and motion to dismiss [38].

     As an initial matter, the court is of the opinion that Defendants' request for dismissal is improper and should be stricken. First, Defendants neither identify the specific discovery responses at issue nor assert specific arguments in support of their inadequacy or invalidity, opting instead to make only general references to the alleged violations. Second, the motion is not properly before the court because it was filed in combination with Defendants' response to Plaintiffs' counsel's

---

[1] That Order also allowed plaintiff's prior counsel to withdraw and granted Plaintiffs 30 days to hire new counsel and 45 days to respond to the outstanding discovery requests.

response to the court's show cause order and not as a separate motion in accordance with this court's rules for motion practice. Accordingly, the motion to dismiss is hereby stricken without prejudice to Defendants' right to refile it within the time frame provided for below.

Next, as is sufficiently pointed out by Defendants, Plaintiffs' counsel's response to the show cause Order would have served more appropriately as Plaintiffs' response to Defendants' Second Motion to Compel– had they elected to file a response. However, considering they did not, the court's concern here is limited to the appropriateness of sanctions.

The district court has authority to impose sanctions against a party (or the party's attorney) who fails to cooperate in discovery. FED R. CIV. P. 37(a)(5). Additionally, the court must impose sanctions against a party or against that party's attorney for failure to obey a discovery order. FED. R. CIV. P. 37(b)(2)(C). The district court must award sanctions in the form of reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. *See generally* FED.R.CIV.P. 37.

In this case, the court finds Plaintiffs' counsel has failed to show substantial justification for his and his clients' failure to obey this court's January 16 Order compelling Plaintiffs to respond to discovery. Indeed, the January 16 Order specifically required that Plaintiffs respond to Defendants' written discovery requests and execute medical releases.[2] This information had not been adequately produced by the time Defendants filed their Second Motion to Compel. Furthermore, Plaintiffs' counsel did not cooperate with defense counsel in an attempt to resolve this issue prior to the filing of that motion. Nor did Plaintiffs offer any response to that motion. And, to compound matters,

---

[2] The court had already required that Plaintiffs execute medical releases in the October 2, 2012, Case Management Order [15].

despite entry of this court's April 29 Order compelling full and complete responses, it appears that Plaintiffs now not only persist in asserting the same overruled objections, but add new ones that are unfounded. Accordingly,

    **IT IS ORDERED:**

    1. That for failure to comply with the court's January 16 discovery Order, Plaintiffs' counsel is hereby required to pay Defendants' reasonable expenses, including attorney fees, associated with the filing of Defendants' Second Motion to Compel.

    2. That within 7 days of this date, defense counsel shall file an affidavit of itemized fees and expenses incurred by Defendants in prosecuting Defendants' Second Motion to Compel. Defense counsel's itemization shall not exceed 8 hours of assigned counsel's work at counsel's regular rate.

    3. That within 3 days of the filing of defense counsel's affidavit, Plaintiffs' counsel may file a response with respect to the reasonableness of said fees and expenses only.

    4. That having done a cursory review of Plaintiffs' production in response to the court's April 29 Order, and in the interest of fairness to the individual Plaintiffs, the court hereby grants Plaintiffs 7 additional days from the date of this order to comply with the court's April 29 discovery Order [34].

    5. That after the deadline for Plaintiffs' compliance with the April 29 Order, should Defendants find the subject responses deficient, Defendants must promptly file a motion to compel or a motion to dismiss.

    6. That Plaintiffs' counsel shall promptly provide each Plaintiff with a copy of this order along with a copy of the court's April 29 Order and promptly notify them that failure to comply with the Court's April 29 discovery Order will subject Plaintiffs and their counsel to additional

potential sanctions– including the ultimate sanction of dismissal of this lawsuit– for serial noncompliance with the court's discovery orders.

This 7th day of April, 2013.

**/s/ Jane M. Virden**
**U. S. MAGISTRATE JUDGE**
